UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME ROJAS, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>SLDL, LLC d/b/a MID-CO FIELD SERVICES, <br><br>Defendant. | § § § § § § § § § § § § § § § | No. _____ <br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jaime Rojas (referred to as "Plaintiff" or "Rojas") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant SLDL, LLC d/b/a Mid-Co Field Services (referred to as "Defendant" or "Mid-Co"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.   Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas

and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.  Jaime Rojas is an individual who resides in Wharton County, Texas and who was employed by Defendant during the last three years.

9.  Defendant SLDL, LLC d/b/a Mid-Co Field Services is a Texas limited liability company may be served with process by serving its registered agent:

> Dayton Leissner
> 5619 County Road 112
> Van Vleck, Texas 77482

Alternatively, if the registered agent of SLDL, LLC d/b/a Mid-Co Field Services cannot with reasonable diligence be found at the company's registered office, SLDL, LLC d/b/a Mid-Co Field Services may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.  Whenever it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11. Defendant is a rig cleaning and maintenance company that does business in the territorial jurisdiction of this Court.

12. Mid-Co employed Plaintiff as a Machine Operator from approximately December 2016 to May 2018.

13. Machine Operators were primarily responsible for driving from well-site to well-site in order to clean and maintain the drilling rigs.

14. Plaintiff's primary duties did not include office or nonmanual work.

15. Plaintiff's primary duties were not related to the management or general business operations of Mid-Co or its customers.

16. Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

17. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

18. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

19. Instead, Plaintiff was required to follow the policies, practices and procedures set by Mid-Co.

20. Plaintiff did not have any independent authority to deviate from these policies, practices, and procedures.

21. During Plaintiff's employment with Mid-Co, he was engaged in commerce or the production of goods for commerce.

22. During Plaintiff's employment with Mid-Co, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23. During Plaintiff's employment with Mid-Co, the company had an annual gross volume of sales made or business done of at least $500,000.

24. Mid-Co paid Plaintiff on an hourly basis.

25. During Plaintiff's employment with Mid-Co, he regularly worked in excess of forty hours per week.

26. Mid-Co knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

27. Mid-Co did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1)

28. Instead, Mid-Co paid Plaintiff at his straight time rate for each hour worked over forty in a workweek. In other words, Mid-Co paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

29. Mid-Co knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

30. Mid-Co failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

31. Mid-Co knew or showed a reckless disregard for whether its pay practices violated the FLSA.

32. Mid-Co is liable to Plaintiff for his unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

33. All Machine Operators and all other nonexempt employees employed by Mid-Co are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Mid-Co pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

34. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

35. During Plaintiff's employment with Mid-Co, he was a nonexempt employee.

36. As a nonexempt employee, Mid-Co was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

37. Mid-Co did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

38. Instead, Mid-Co paid Plaintiff at his straight time rate for each hour worked over forty in a workweek.

39. In other words, Mid-Co paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

40. If Mid-Co classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

41. Mid-Co knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Mid-Co willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
## Failure to Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

42. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

43. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

44. In addition to the pay violations of the FLSA described above, Mid-Co also failed to keep proper time records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

45. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. On information and belief, other employees have been victimized by Mid-Co's violations of the FLSA identified above.

47. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner (i.e., required to work unpaid for regular and overtime hours) and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

48. Mid-Co's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

49. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

50. All employees of Mid-Co, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All Machine Operators other nonexempt employees employed by Mid-Co not paid their regular and overtime wages within the last three years.

51. Mid-Co is liable to Plaintiff and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

52. Because Mid-Co knew or showed a reckless disregard for whether its pay practices violated the FLSA, Mid-Co owe Plaintiff and the members of the putative class their unpaid overtime wages for at least the last three years.

53. Mid-Co is liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

54. Mid-Co is liable to Plaintiff and the members of the putative class for their reasonable attorneys' fees and costs.

55. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf as well as on behalf of all other putative class members.

## VIII.  Jury Demand

56. Plaintiff demands a trial by jury.

## IX.  Prayer

57. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  judgment awarding Plaintiff and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  prejudgment interest at the applicable rate;

d.  incentive awards for any class representative(s);

e.  all such other and further relief to which Plaintiff and the members of the putative class may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739