UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME ROJAS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Action No. 4:18-cv-01634 |
| SLDL, LLC, d/b/a MID-CO FIELD SERVICES, | § § § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant SLDL, LLC d/b/a Mid-Co Field Services ("Defendant") files its Answer to Plaintiff Jaime Rojas' ("Plaintiff") Original Complaint as follows. The numbers and section headings below correspond to those in the Complaint, and the allegations referenced in each numbered paragraph are the allegations contained in the corresponding numbered paragraph of the Complaint. All allegations not specifically admitted are denied:

**I. NATURE OF SUIT**

1. Defendant admits that Plaintiff is bringing a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") but denies that he has viable claims.

2. Defendant admits that the FLSA is correctly quoted and that it sets various rules for payment of employees.

3. Defendant denies the allegations in this paragraph.

4. Defendant denies the allegations in this paragraph.

5. Defendant admits that he has brought this collective action but denies that he is similarly-situated to others and that Plaintiff or others are entitled to relief.

1

## II.  JURISDICTION AND VENUE

6.  Defendant admits the allegations in this paragraph.

7.  Defendant admits that venue is proper in this district but not that it is proper in this division.

## III.  PARTIES

8.  Defendant is without sufficient information to admit or deny Plaintiff's current residence. Defendant denies that Plaintiff was employed for three years.

9.  Defendant admits that it is a Texas corporation, and that Texas corporations may be served via the Secretary of State under certain conditions.  Defendant denies that it may be served for process at the address listed in this paragraph. However, Defendant admits that it has been served.

10.  Defendant denies the allegations.

## IV.  FACTS

11.  Defendant admits that part of its business consists of rig cleaning, but denies that this is its entire business.  Defendant admits that it conducts business, in part, in the Southern District of Texas.

12.  Defendant admits that it employed Plaintiff as a Machine Operator from January 2017 to April 2018.

13.  Defendant denies the allegations.

14.  Defendant admits the allegations.

15.  Defendant admits the allegations.

16.  Defendant denies the allegations.

17. Defendant lacks sufficient information to ascertain Plaintiff's use of the word "meaningful" for purposes of this allegation and thus denies the allegations as written.

18. Defendant lacks sufficient information to ascertain Plaintiff's use of the words "discretion," "authority," and "significance" for purposes of this allegation and thus denies the allegations as written.

19. Defendant admits the allegations.

20. Defendant admits the allegations.

21. Defendant admits the allegations.

22. Defendant admits the allegations.

23. Defendant admits the allegations.

24. Defendant admits the allegations.

25. Defendant denies the allegations.

26. Defendant denies the allegations.

27. Defendant admits the allegations.

28. Defendant denies the allegations.

29. Defendant admits the allegations.

30. Defendant denies the allegations.

31. Defendant denies the allegations.

32. Defendant denies the allegations.

33. Defendant denies the allegations.

## V. DEFENDANT DENIES COUNT ONE

34. This paragraph does not contain an allegation to admit or deny.

35. Defendant admits the allegations.

36. Defendant admits the allegations.

37. Defendant denies the allegations.

38. Defendant denies the allegations.

39. Defendant denies the allegations.

40. Defendant denies the allegations.

41. Defendant denies the allegations.

### VI.   DEFENDANT DENIES COUNT TWO

42. This paragraph does not contain an allegation to admit or deny.

43. Defendant admits the allegations.

44. Defendant denies the allegations.

### VII.   DEFENDANT DENIES COUNT THREE

45. This paragraph does not contain an allegation to admit or deny.

46. Defendant denies the allegations.

47. Defendant denies the allegations.

48. Defendant denies the allegations.

49. Defendant denies the allegations.

50. Defendant denies the allegations.

51. Defendant denies the allegations.

52. Defendant denies the allegations.

53. Defendant denies the allegations.

54. Defendant denies the allegations.

55. Defendant admits that Plaintiff has retained counsel, and is without sufficient information to admit or deny the remaining allegations in this paragraph.

## VIII.  JURY DEMAND

56. Defendant admits that Plaintiff has demanded a jury trial.

## IX.  PRAYER

57. Defendant denies that Plaintiff is entitled to any of the relief he seeks in the prayer for relief, including all sub-parts.

## X.  AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following affirmative defenses, and reserves the right to amend its Answer to plead additional or other defenses which may become apparent during discovery in this case:

58. Subject to further discovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted, particularly its claims for recordkeeping violations, for which there is no private right of action.

59. The claims of putative class members are barred in whole or in part by the statute of limitations.

60. This action is barred to the extent that Plaintiff seeks compensation for hours that are not compensable or "hours worked" under the FLSA.

61. Subject to further discovery, Plaintiff's claims fail due to waiver.

62. Subject to further discovery, Plaintiff's claims fail due to consent.

63. Defendant acted in good faith and with reasonable grounds for believing that its acts or omissions were in good faith and consistent with the FLSA; and in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation and/or administrative practice or policy.

64. Subject to further discovery, if Plaintiff has filed for bankruptcy and failed to disclose his claims to the bankruptcy court, his claims are barred by estoppel.

65. Plaintiff has been paid in full for all hours worked.

66. Any and all acts, conduct and/or omission of Defendant in regard to Plaintiff were taken in good faith and without oppression or malice for Plaintiff and his right, thereby precluding any and all claims for punitive damages.

## XI.  CONCLUSION AND PRAYER

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Original Complaint, award Defendant attorney's fees and costs, and order such other and further relief, at law or in equity, to which it may be justly entitled to receive.

Respectfully submitted,

By: /s/ Samantha Martinez
Samantha Martinez
Federal Bar No. 27604
State Bar No. 24026860
sam@mtzfirm.com
Martinez Firm, PLLC
325 Heights Blvd.
Houston, TX 77007
Telephone:  (713) 333-3270
Telecopier:  (713) 333-3275

ATTORNEY FOR DEFENDANT
SLDL, LLC d/b/a MID-CO FIELD SERVICES

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record via the Court's CM/ECF system.

>   */s/ Samantha Martinez*
>   Samantha Martinez