UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME ROJAS, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiff, | § § | No. 4:18-cv-01634 |
| v. | § § | |
| SLDL, LLC d/b/a MID-CO FIELD SERVICES, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs[1] and Defendant SLDL, LLC d/b/a Mid-Co Field Services (Plaintiffs and Defendant are collectively, the "Parties") seek court approval of the settlement recently reached in this matter.

The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each of the Parties to bear their own respective attorneys' fees and court costs.

---

[1] Plaintiffs are defined as Plaintiff Jamie Rojas and Opt-In Plaintiffs Cristian Rojas, Jamie S. Rojas, Jesus Cantero, Joel H. Castillo, Jose A. Jaimes, Mario Rojas, Miguel Villanueva and Omar Cano.

I. Introduction and Procedural Posture

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq*. ("FLSA") alleging that Defendant failed to pay Plaintiffs overtime wages as required by law. *See* Dkt. Entry 1. This case was filed as a collective action, but the affected employees joined as opt-in Plaintiffs. *See* Dkt. Entries 1, 2, 12-18, 21. The Parties have negotiated and resolved Plaintiffs' individual claims. Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiffs' claims and this case with prejudice.

II. Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83*

*Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D.Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); *see also Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. *See Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendant, and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendant to be applicable to the Plaintiffs. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendants have reached a private settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq*. By entering into

this settlement, Defendant is not admitting any liability or violation of the FLSA, which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant and Defendant's counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendant acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to the protect the confidentiality of the terms.

Wherefore, Plaintiffs and Defendant respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

|  |  |
|---|---|
| By: */s/ Melissa Moore* <br> MELISSA MOORE <br> State Bar No. 24013189 <br> Southern District ID 25122 <br> MOORE & ASSOCIATES <br> 440 Louisiana, Ste. 675 <br> Houston, Texas 77002 <br> (713) 222-6775 (Telephone) <br> (713) 222-6739 (Facsimile <br> melissa@mooreandassociates.net <br> **ATTORNEY-IN-CHARGE FOR PLAINTIFFS** | Respectfully submitted, <br><br> By: /s/ Samantha Martinez *with permission MAM <br> SAMANTHA MARTINEZ <br> State Bar No. 24026860 <br> Southern District ID No. 27604 <br> MARTINEZ FIRM, PLLC <br> 325 Heights Blvd <br> Houston, Texas 77007 <br> (713) 333-3270 (Telephone) <br> (713) 333-3275 (Facsimile) <br> sam@mtzfirm.com <br> **ATTORNEY-IN-CHARGE FOR DEFENDANT** |

**OF COUNSEL:**
CURT HESSE
State Bar No.24065414
Southern District ID 968465
BRIDGET DAVIDSON
State Bar No. 24096858
Southern District ID 3005005
MOORE & ASSOCIATES
440 Louisiana, Ste. 675
Houston, Texas 77002
(713) 222-6775 (Telephone)
(713) 222-6739 (Facsimile)
curt@mooreandassociates.net
bridget@mooreandassociates.net

**CERTIFICATE OF SERVICE**

    I hereby certify that on this __25__ day of February, 2019, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's ECF system.

Samantha Martinez<br>
MARTINEZ FIRM, PLLC<br>
325 Heights Blvd.<br>
Houston, Texas 77007

_____
Melissa Moore